IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH DICKINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13-1031-GMS |
| ) | |
| DANA METZGER, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I.  INTRODUCTION**

In September 2009, a Delaware Superior Court jury convicted Dickinson of attempted first degree robbery, second degree burglary, PFDCF, possession of a destructive weapon, and second degree conspiracy. (D.I. 31 at 2-3) The Superior Court sentenced him as a habitual offender to life in prison for the attempted first degree robbery conviction, and to eight years of Level V incarceration for the remaining convictions, suspended after six years for two years of probation. *Id.* The Delaware Supreme Court affirmed Dickinson's convictions on direct appeal. *See Dickinson v. State*, 8 A.3d 1166 (Del. 2010).

In 2016, the court denied Dickinson's federal habeas petition as meritless. (D.I. 31; D.I. 32) Dickinson appealed, and the Third Circuit denied his request for a certificate of appealability on February 15, 2017, and his petition for *en banc* rehearing on March 15, 2017. *See Dickinson v. State*, No. 16-3766 (3d Cir. 2017).

Dickinson filed the Rule 60(b)(4) motion for reconsideration (D.I. 35) presently pending before the court in April 2017.

## II.     STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion for reconsideration and/or to reopen is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

Dickinson's Rule 60(b)(4) motion asks the court to reconsider its denial of his habeas petition because he believes that the Delaware Superior Court did not have subject matter jurisdiction over his criminal proceeding. (D.I. 35 at 2) He also contends that the elements of his crime were not established beyond a reasonable doubt and that he was convicted under a vague criminal law. (D.I. 35 at 2)

The instant motion does not attack the manner in which the decision denying Dickinson's habeas petition was procured. Rather, it challenges the same convictions Dickinson challenged in his original habeas petition, and also asserts arguments that could have been presented in that petition. Consequently, the court finds that the motion is a second or successive habeas petition under § 2244 and not a "true" Rule 60(b)(4) motion.[1]

There is no indication that the Third Circuit Court of Appeals authorized the filing of the instant motion/unauthorized second or successive habeas request. Therefore, the court will dismiss the motion for lack of jurisdiction.[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal

---

[1] Even if the court were to treat the instant motion as a true Rule 60(b)(4) motion, Dickinson's arguments are unavailing. To prevail on a Rule 60(b)(4) motion, a petitioner must show that "the judgment is void." *See* Fed. R. Civ. P. 60(b)(4). A judgment is void and subject to relief under Rule 60(b)(4) only if the court that rendered it lacked jurisdiction to do so, or entered "a decree which is not within the powers granted to it by the law." *Marshall v. Board of Educ.*, 575 F.2d 417, 422 (3d Cir.1978) (citation omitted). Here, Dickinson focuses on whether the Delaware state courts had jurisdiction over his case; he does not allege that *this* court lacked jurisdiction to issue the decision denying his § 2254 petition.

[2] The court concludes that it would not be in the interest of justice to transfer the instant motion to the Court of Appeals for the Third Circuit, because nothing in the motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

3

of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b)(4) motion. In addition, the court will not issue a certificate of appealability, because Dickinson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Jan 23, 2015
DATE

UNITED STATES DISTRICT JUDGE

4